IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01634-LTB

EARL JOSEPH LOOSE, a.k.a. EARL JOSEPH CROWNHART,

    Applicant,

v.

DANIEL C. KOGOUSEK, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

ORDER DENYING MOTION TO RECONSIDER

At issue is Applicant's request for rehearing, Doc. No. 32, filed on October 26, 2011. The Court must construe the request liberally because Applicant is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the request as a Motion to Reconsider and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This case was dismissed on September 19, 2011, because Applicant failed to comply with the Court's order to file an Amended Application. A motion to reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).  Applicant's request was filed over twenty-eight days after the Court's Order of Dismissal was entered on September 19, 2011.  Therefore, the request is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the Motion to Reconsider and the entire file, the Court finds that the Motion to Reconsider is unintelligible and fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Accordingly, it is

ORDERED that the request for rehearing, Doc. No. 32, filed on October 26, 2011, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this   31st   day of    October   , 2011.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court